PEOPLE, PLAINTIFF AND APPELLEE, *v.* CEPEDA, DEFENDANT AND APPELLANT.

APPEAL from the Second District Court of San Juan in a Prosecution for Rape.

No. 1999.—Decided February 9, 1923.

CONTINUANCE—ESTOPPEL—DISMISSAL OF PROSECUTION—SPEEDY TRIAL.—The fact that a defendant may have agreed to a continuance does not estop him from moving later for a dismissal under section 448 of the Code of Criminal Pro-

cedure, if after the continuance 120 days elapse and the case is not called up again.

The facts are stated in the opinion.

*Messrs. R. S. Pesquera* and *J. B. Soto* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is a prosecution for rape. The defendant was tried before the court without a jury at his own request and was found guilty of the crime charged in the information.

Before the trial the defendant moved the court to dismiss the action on the ground that 120 days had elapsed without his having been brought to trial, albeit he had not moved for a continuance.

The district attorney opposed the motion and alleged that in November of 1921 the defendant had agreed to a continuance which the said district attorney had moved for.

The information was filed on April 4, 1921. In November of 1921, the time to which the district attorney refers, more than seven months had elapsed since the filing of the information. The trial was had on April 3, 1922, or more than 120 days after that continuance.

We agree that when the defendant gave his consent to the continuance in November, 1921, he tacitly waived his right to a dismissal of the action in accordance with section 448 of the Code of Criminal Procedure, but we do not agree that his consent to the continuance may be interpreted as an absolute waiver of his right to a speedy trial under section 11 of the Code of Criminal Procedure and section 2 of the Organic Act.

If after the continuance the court does not set a day for the trial within a reasonable time in harmony with the spirit of the law, such reasonable time being made specific by section 448 of the Code of Criminal Procedure, the right to a dismissal is necessarily revived in the defendant.

As we have said, here the court permitted more than four months to elapse between the continuance and the trial; therefore, more than the 120 days fixed by the Legislature elapsed and the prosecution should have been dismissed. In not doing this the court erred as assigned by the appellant in his brief.

However, the crime charged being rape, a felony, the order of dismissal will not prevent the filing of another information for the same offense, in accordance with section 452 of the Code of Criminal Procedure.

For the foregoing reasons the judgment must be reversed and the action dismissed.

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.